UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WARREN COMMUNICATION NEWS, INC.,** Plaintiff,<br><br>v.<br><br>**WARRANTECH CORPORATION, ET. AL., DEFENDANTS** | Civ. No. 1:09 cv 00426 RWR |

### PLAINTIFF'S VERIFIED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, SANCTIONS AND/OR PROTECTIVE ORDER AND SUPPORTING MEMORANDUM

Plaintiff Warren Communications News, Inc. ("Warren") moves for a preliminary injunction, sanctions, and/or protective order to prevent Defendants Warrantech Corporation and Warrantech Consumer Product Services, Inc. ("Warrantech") from bad faith circumvention of the orderly discovery procedures required by the Federal Rules and this Court's April 3 Order and needlessly subjecting Warren to disruptive and burdensome duplicative litigation.

To permit a timely ruling, plaintiff further requests that Defendants be ordered to respond to this motion within three days.

### Certification of Conference

Undersigned counsel certifies that he conferred with counsel for Warrantech in a good faith effort to resolve this matter, but without success.

12983076.1

## The Facts

Over a period of years, Warrantech systematically infringed Warren's registered copyrights in its *Consumer Electronics Daily,* a newsletter delivered as a PDF attachment to an email. Warren detected Warrantech's infringement using a commercial service known as ReadNotify that sends a signal when a protected electronic document is copied. Warren notified Warrantech of the infringement and sought to resolve the matter. When settlement failed, Warren brought this copyright infringement suit.

Warrantech's subscribing employee signed subscription agreements warning against electronic copying and authorizing Warren to use software to monitor copyright compliance. Nevertheless, caught red-handed, Warrantech challenges Warren's monitoring, and its Answer to the Complaint, pleads defenses of "unclean hands" and "copyright misuse." Thus, the ways Warren has enforced its copyrights – though lawful – are directly in issue in this case. See Rule 13(a)(1) ("any claim that … arises out of the transaction or occurrence that is the subject matter of the opposing claim" is a compulsory counterclaim).[1]

On March 31, just after Warrantech's Answer was filed, Warren requested a Rule 26(f) discovery conference, noting it was required as soon as practicable (Exhibit A). That conference would have immediately freed both parties to begin discovery. Rule 26(d). By letter of April 2, Warrantech stalled, saying it would "be prepared to discuss the scheduling of the Rule 26 conference in approximately two weeks" (Exhibit B). When Warren asked Warrantech to at least propose a date, Warrantech again refused (Exhibit C).

---

[1] As the 1946 Comment explains, Rule 13(a) "insures against an undesirable possibility … whereby a party having a claim which would be the subject of a compulsory counterclaim could avoid stating it as such by bringing an independent action in another court after commencement of the federal action."

On April 3 this Court ordered the parties to "confer pursuant to … Fed. R. Civ. P. 26(f)." The Order set a scheduling conference on May 5, thus limiting Warrantech's ability to delay the Rule 26(f) conference. Thus, Warrantech turned to the District Court for Tarrant County, Texas, filing a "Petition Requesting Deposition Before Suit." (Exhibit D). The Petition's filing date is unclear, but the Verification was signed April 3. On April 6, without disclosing the Petition, Warrantech agreed to confer on April 16 (Exhibit E). The next day, Warrantech gave Warren its first informal notice of the Texas Petition (Exhibit F).

The Petition invokes Texas Rule of Civil Procedure 202, which allows depositions to investigate whether a claim exists. It seeks an order compelling Warren to appear in Texas on April 30 for a six hour deposition, and also to comply with 12 document requests. It asserts "the benefit of allowing the deposition outweighs the burden or expense of the procedure," but withholds from the Texas court the fact that Warrantech already was party to this action where it could have obtained prompt discovery simply by agreeing to a prompt Rule 26(f) conference. Based on Warrantech's representations, the Texas court set a hearing on April 30.

Although the Petition says Warrantech believes it has a claim "for the unauthorized placement and use of ReadNotify's software," it explicitly does not commence a civil action on that claim. See *Mayfield-George v. Tex. Rehabilitation Comm'n*, 197 F.R.D. 280, 283 (N.D. Tex. 2000).[2]

---

[2] *Mayfield-George,* 197 F.R.D. at 283:

> First, the Petition is not a "civil action" under § 1441(b) because it asserts no claim or cause of action upon which relief can be granted. See In re Hinote, 179 F.R.D. 335, 336 (S.D.Ala.1998) ("It is a request for discovery, nothing more"); Sunbeam Television Corp. v. Columbia Broadcasting Sys., Inc., 694 F.Supp. 889, 891

3

**Argument**

Warren, a family-owned publisher located in D.C. brought suit here in its home court against Warrantech, a company with nationwide operations that does not challenge this forum. Warrantech seeks to compel Warren to litigate in two fora at once, running up Warren's costs, imposing one-way discovery, and forcing a low-ball settlement. Warrantech's Texas Petition is not a substantive claim, but a naked request that the Texas courts assume control of discovery into subject matter that already is within the jurisdiction of this Court and the subject of the Court's explicit order to proceed under federal Rules 16 and 26(f). If Warrantech had fulfilled its Rule 26(f) duty to confer "as soon as practicable," it could not plausibly have filed its Petition since the discovery it claimed to need would already have been under way. This was not an innocent misstep, but a willful breach of Warrantech's obligations:

- Warren's March 31 emailed letter put Warrantech on explicit notice of its Rule 26(f) duty to confer as soon as practical, requested an immediate conference, and made clear Warren would cooperate in scheduling, but Warrantech stalled.

- Although the Petition concerned a matter on which Warrantech was obliged to confer with Warren, Warrantech filed the Petition secretly with no attempt to obtain consent or an agreed schedule.

- Conducting a Rule 26(f) conference here and then seeking proper discovery would have required less time and effort than preparing the Petition for discretionary relief by a Texas court.

---

(S.D.Fla.1988). It is merely a petition for an order authorizing the taking of a deposition for use in an anticipated suit …

- In seeking to persuade the Texas court to allow a prompt hearing on the Petition, and in arguing that the Petition is an efficient procedure, Warrantech did not even mention the pendency of this case, much less inform the Texas court that the subject matter of their claim was at issue here and subject to proper discovery as soon as Warrantech conferred with Warren as it was required to do.

This Court has ample authority to control discovery between parties before it and to prevent parties from exploiting their intentional violations of the rules. Under Rule 26(c)(1), it may grant a protective order "forbidding the order or disclosure," "specifying terms, including time and place for the disclosure or discovery," "forbidding inquiry into certain matters," etc., and also awarding expenses and fees under Rule 37(a)(5). Similarly, under Rule 16(c)(2)(F) & (P), the Court may "take appropriate action" for "controlling and scheduling discovery" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action."

This Court also has power to issue injunctions, including preliminary injunctions, "in aid of [its] jurisdictions." 28 U.S.C. § 1651(a). This Court has jurisdiction (and inherent power) to assure orderly and efficient discovery in cases before it, and to prevent parties from intentionally flouting the rules. The Texas Petition is intended to defeat that jurisdiction. The circumstances here satisfy the traditional four factor test for preliminary injunctions. *Belbach v. Bush,* 520 F.3d 452, 457 (D.C. Cir. 2008) (summarizing four factor test). There has been a clear and willful violation. Warrantech's demonstrated intent to use other courts to disrupt this proceeding and burden Warren improperly threatens irreparable injury. *Bruce v. Martin,* 680 F.Supp. 616, 622

(S.D.N.Y. 1988) (collecting authority that duplicative litigation is enjoinable injury).[3]  Requiring Warrantech to follow the rules will not injure it and will benefit the public.

The Anti-Injunction Act, 28 U.S.C. § 2283 does not restrict orders against commencing future state actions. *Dombrowski v. Pfister,* 380 U.S. 179, 485 n.2 (1965) ("This statute and its predecessors do not preclude injunctions against the institution of state court proceedings, but only bar stays of suits already instituted.")  Thus, this Court is free to forbid Warrantech to pursue in other courts any claims founded on Warren's activities with respect to the copyrights in suit, including its use of ReadNotify to monitor copying.  Such an order would eliminate the supposed predicate for the Texas Petition without staying it.

Moreover, the Anti-Injunction Act explicitly allows this Court to stay state actions "in aid of its jurisdiction, or to protect or effectuate its judgments."  This includes the power to enforce discovery orders and the like. *ONBANCorp, Inc. v. Holtzman,* 1997 WL 381779, *4-*8 (N.D.N.Y. 1997) (collecting authority).  Thus, the Act allows the Court to prevent circumvention of its April 3 Order mandating compliance with Rule 26(f).  *Id.*

---

[3]     To be clear, the mere pendency of a duplicative in-personam state action is not, in itself, so threatening to federal authority as to overcome the Anti-Injunction Act and permit an injunction.  But considerations are different where, as here (a) no substantive state action is pending, and (b) the party to be enjoined already has violated the federal rules.

12983076.1

## Conclusion

Warrentech's conduct is the antithesis of good faith cooperation to assure speedy and inexpensive resolution of litigation, which is what the Federal Rules command.  It willfully violates Rule 26 and this Court's Order and displays a lack of candor toward the Texas court.  To vindicate the strong public interest in efficient and fair litigation and prevent threatened injury, the Court should grant a protective order and/or preliminary injunction.  A proposed form of order is attached.

Respectfully submitted.

By: /s/ Thomas W. Kirby
Thomas W. Kirby (Bar No. 915231)
*tkirby@wileyrein.com*
Bruce L. McDonald (Bar No. 74329)
*bmcdonal@wileyrein.com*
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC  20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for Plaintiff*

### VERIFICATION

I, Paul L. Warren, an officer of the Plaintiff, declare under penalty of perjury that to my information and belief, the factual statements made above are true, and that the attached exhibits are accurate copies of what they purport to be.  Done in Washington, D.C. on April __, 2009.

_____
Paul L. Warren

**CERTIFICATE OF SERVICE**

      I hereby certify that the attached Plaintiff's Emergency Motion, Supporting Memorandum, Exhibits and Proposed Order have been served through the Court's ECF system, this 14th day of April, 2009 upon the following:

      Clifford M. Sloan, Esq.
      Darren M. Welch, Esq.
      Skadden, Arps, Slate, Meagher & Flom LLP
      1440 New York Avenue, N.W.
      Washington, DC 20005-2111
      Phone:  (202) 371-7000

      Counsel for Defendants

      /s/  Thomas W. Kirby
      Thomas W. Kirby

12983076.1