UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN COMMUNICATIONS NEWS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WARRANTECH CORPORATION, *et al.*, <br><br> Defendants. | Civ. No. 1:09 cv 00426 RWR |

**PLAINTIFF'S PREHEARING REPORT ON TEXAS DEVELOPMENTS**

On May 4, 2009, the Court ordered the parties to be prepared, at the May 6 Scheduling Conference, to discuss what has occurred in the Texas proceeding. In the interest of efficiency, plaintiff Warren Communications News, Inc. ("Warren") submits this Prehearing Report concerning Texas developments.

In a nutshell, defendant Warrantech Corporation ("Warrantech") continues to pursue pre-suit discovery in Texas state court on issues that already are subject to discovery in the action before this Court. In an effort to establish personal jurisdiction in Texas, Warrantech obtained approval to seek jurisdictional discovery from Warren and has served a notice and subpoena (Exhibit G hereto[1]) demanding that Warren comply with 31 document demands and produce its Chairman and Publisher for a deposition on May 7 in Washington, D.C. In addition, Warrantech continues to pursue the discovery described in its original Texas Petition. Warren has requested

---

[1] Exhibits A through F were attached to Plaintiff's Motion for a Preliminary Injunction, Sanctions and/or a Protective Order (Docket No. 16).

1

that Warrantech agree to serve unified non-duplicative discovery on Warren, but Warrantech has not agreed to that proposal. The following provides more detail:

1.      On April 28, 2009, Warren served a Special Appearance challenging the Texas Court's jurisdiction to compel a non-party witness to come to Texas to provide discovery (Exhibit H). The Special Appearance made three basic arguments:

- In light of the pendency of this prior-filed action, in which the issues specified in the Warrantech Petition already are subject to discovery, ordering Warren to come to Texas to provide discovery would be fundamentally unfair and contrary to due process and Texas Rule 202.

- State courts have no long-arm power to compel out-of-state witnesses, as opposed to parties, to come to the state to provide testimony or produce documents in civil actions, nor does Texas Rule 202 confer such long-arm powers.

- The Petition did not even attempt to allege any basis for the Texas courts to exercise any form of long-arm jurisdiction over Warren.

2.      Warren's Special Appearance was supported by an Affidavit, the text of which is Exhibit I hereto. The lengthy attachments to the Affidavit are omitted as unnecessary, but will be available at the hearing if desired.

3.      Warrantech responded by amending its Petition to assert Texas contacts to support long-arm jurisdiction (Exhibit J) and moving to strike Warren's Affidavit for lack of personal knowledge (Exhibit K).

4. On April 30, an abortive hearing was held before the Texas court. Because the Amended Petition was served less than 15 days before the hearing, the court deferred it and the Special Appearance for two weeks. In the interim, Warrantech sought, and the court granted, a limited-purpose deposition in Washington, D.C., of Warren's Chairman and Publisher, Paul L. Warren, on the possible existence of long-arm jurisdiction (Exhibit L).

5. On May 1, Warren voluntarily provided to Warrantech copies of all ReadNotify reports referring to Warrantech. Warren requested that the reports be treated as confidential pending entry of a Protective Order that would permit formal protection.

6. Late Friday afternoon, May 1, Warrantech served Warren's Texas counsel with a deposition notice and subpoena (Exhibit G) calling for a deposition into jurisdictional issues on May 7. The subpoena includes a demand for 31 broadly written categories of documents.

7. On May 4, Warren's Texas counsel wrote to Warrantech's counsel that (1) Mr. Warren would not be available on the specified date, though he would have time available in following weeks, and (2) the document requests are overbroad and, even if they were not, Warren could not identify, review, and produce the documents in the time allowed (Exhibit M).

8. By letter dated May 4, Warrantech's counsel responded to Warren's letter by (1) "insist[ing] that the deposition take place . . . in Dallas on Tuesday, May 12" and (2) generally averring that the document requests were "not . . . 'extensive.'" (Exhibit N).

9. In the morning of May 5, Warren's counsel in this copyright action wrote to Warrantech's counsel, stressing that Warrantech's efforts to compel discovery in Texas are frustrating the policies behind the Federal Rules and would inject needless burden and

3

inefficiency into the parties' discovery (Exhibit O).  In light of this Court's May 4 Order, Warren's counsel proposed that Warrantech serve a unified set of discovery requests that would prevent duplication and related burdens.

10. Warrantech has not accepted Warren's proposal.  Accordingly, to defer the document production and deposition dates, Warren may be forced to file a motion for a protective order in Texas.

                                      Respectfully submitted.

May 5, 2009                        /s/  Thomas W. Kirby
                                     Thomas W. Kirby (D.C. Bar No. 815231)
                                     Bruce L. McDonald (D.C. Bar No. 74329)
                                     WILEY REIN LLP
                                     1776 K Street, N.W.
                                     Washington, D.C.  20006
                                     Tel: (202) 719-7000
                                     Fax: (202) 719-7049

                                     *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that the attached Plaintiff's Reply to Defendants' Response to Emergency Motion has been served through the Court's ECF system, this 5th day of May, 2009 upon the following:

> Clifford M. Sloan, Esq.
> Darren M. Welch, Esq.
> Skadden, Arps, Slate, Meagher & Flom LLP
> 1440 New York Avenue, N.W.
> Washington, DC 20005-2111
> Phone:  (202) 371-7000
>
> *Counsel for Defendants*

      Pursuant to the prior agreement of the parties and Section J of the "Joint Statement of the Parties Pursuant to Fed. R. Civ. P. 26(F) and LCvR 16.3," the attached also has been served upon the following by email, this 5th day of May, 2009:

> Charles W. Arnold
> Scott A. Fredricks
> Cantey Hanger LLP
> 600 W. 6th St.
> Suite 300
> Ft. Worth, TX 76102-3685
> (817) 877-2823
>
> *Counsel for Defendants*

      /s/  Thomas W. Kirby
      Thomas W. Kirby