CAUSE NO. 141-236916-09

| | | |
|---|---|---|
| **IN RE:** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PETITION OF WARRANTECH** | § | |
| **CORPORATION REQUESTING** | § | **TARRANT COUNTY, TEXAS** |
| **A DEPOSITION OF WARREN** | § | |
| **COMMUNICATIONS NEWS, INC. and** | § | |
| **READNOTIFY.COM LTD.** | § | **141st JUDICIAL DISTRICT** |

## PETITIONER'S NOTICE OF DEPOSITION & SUBPOENA DUCES TECUM

**To:** **WARREN COMMUNICATIONS NEWS, INC.,** by and through its attorney of record Charles I. Appler, 1750 Valley View Lane, Suite 120, Dallas, Texas 75234.

PLEASE TAKE NOTICE that Petitioner Warrantech Corporation will take the deposition of Paul L. Warren on May 7, 2009, beginning at 10:00 a.m. at the offices of Wiley Rein, LLP, 1776 K Street, N.W., Washington, D.C. 20006. The deposition will be recorded by video and stenographic means, will be conducted before an officer authorized to administer oaths and will continue from day-to-day until completed. The witness is directed to produce at or prior to the deposition for inspection and copying all documents identified in Exhibit A.

Respectfully submitted,

Charles W. Arnold
State Bar No. 00783558
Scott A. Fredricks
State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102-3685
Phone: 817-877-2800
Fax: 817-877-2807

ATTORNEYS FOR PETITIONER
WARRANTECH CORPORATION

**EXHIBIT G**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via facsimile on this $\underline{1^{st}}$

day of May 2009 to:

Charles I. Appler
BENNETT, WESTON & LAJONE, P.C.
1750 Valley View Lane, Suite 120
Dallas, Texas 75234
*Attorneys for Warren Communications News, Inc.*

Charles W. Arnold

## EXHIBIT A

**Definitions**

"You" and "Yours" shall mean and refer to Warren Communications News, Inc., its owners, agents, employees or representatives.

**Instructions**

All requests are for the period from January 2004 to the present.

**Documents to be Produced**

1. All correspondence, including but not limited to email, received by You from any representative of Warrantech Corporation ("Warrantech").

2. All correspondence, including but not limited to email, sent by You to any representative of Warrantech.

3. All documents reflecting any communication between You and any representative of Warrantech.

4. All contracts between You and any person or entity that resides in Texas.

5. All agreements entered into by You with any person or entity that resides in Texas.

6. All subscription agreements between you and any person or entity that resides in Texas.

7. All documents, including reports available online, containing or describing information generated by the ReadNotify tracking software showing Your publications or emails being received or opened by a recipient in Texas.

8. All documents, including reports available online, containing or describing information generated by the ReadNotify tracking software showing Your publications or emails being received or opened at an IP address located in Texas.

9. All ReadNotify reports, including email tracking histories, reflecting the receipt or

opening of emails containing Your publications by an employee or agent of Warrantech in Texas.

10. All documents describing or showing the use of ReadNotify tracking software on email sent to Texas by You, or on Your behalf.

11. All documents describing or showing the use of ReadNotify tracking software on email to Warrantech by You, or on Your behalf.

12. All ReadNotify reports reflecting the opening in Texas of an email sent by You, or on Your behalf.

13. All documents reflecting the sale or advertisement of Your publications to persons or entities located in Texas.

14. All documents reflecting the use of ReadNotify tracking software to track emails sent to recipients in Texas.

15. All documents reflecting the transmission of Your publications to persons or entities located in Texas.

16. All documents reflecting or generated by the presence of ReadNotify tracking software on computers located in Texas.

17. All documents reflecting the use of computers or servers located in Texas to distribute Your publications.

18. All documents reflecting the use of computers or servers to maintain any website owned by You.

19. All documents reflecting purchases of any of Your publications, products or services by persons or entities located in Texas.

20. All documents, including phone logs or TeleMagic Enterprise reports, reflecting phone

calls or other communication between You and any person in Texas.

21. All cease and desist letters sent by You to current or former customers located in Texas.

22. All complaints or legal documents filed by You in any court located in Texas.

23. All payments made by You to an address in Texas.

24. All payments received by You from any person or entity in Texas.

25. All agreements between You and ReadNotify.com Ltd. relating to the use of the ReadNotify tracking software in Texas.

26. All documents showing traffic to any website owned or operated by You from computers located in Texas.

27. All documents reflecting the payment of taxes by You to any state or local entity in Texas.

28. All documents reflecting the attendance by You at any conferences, industry meetings, or conventions in Texas.

29. Any and all documents describing or relating to how the ReadNotify software was used by Respondents on Petitioner's computers in Texas.

30. All documents reflecting any real property owned by You in Texas.

31. All documents reflecting any personal property owned by You that is located in Texas.

## CAUSE NO. 141 236916 09

| | |
|---|---|
| IN RE: | ) |
| | )   IN THE DISTRICT COURT |
| **PETITION OF WARRANTECH** | ) |
| **CORPORATION REQUESTING A** | )   TARRANT COUNTY, TEXAS |
| **DEPOSITION OF WARREN** | ) |
| **COMMUNICATIONS NEWS, INC.** | )   141ST JUDICIAL DISTRICT |
| **and READNOTIFY.COM LTD.** | ) |

### SPECIAL APPEARANCE IN OPPOSITION TO THE
### PETITION OF WARRANTECH CORPORATION

Warren Communications News, Inc. ("Warren") appears specially to oppose the Petition

of Warrantech Corporation ("Warrantech") Requesting a Deposition of Warren Communications

News, Inc. and ReadNotify.com LTD and to object to the lack of personal jurisdiction.

### Background

As is detailed in the attached Affidavit of Warren's Chairman and Publisher, Warren is a

family-owned business located in Washington, D.C., where the Petition was delivered to it by

mail. Warren is not registered to do business in Texas, has no property here, and has no Texas

presence or agents. Without even attempting to allege a basis for personal jurisdiction, the

Petition proposes an Order Authorizing Deposition by which Warren would be "commanded to

appear and testify" in Texas and to "produce [documents] for inspection and copying" in Texas,

a place more than a thousand miles from Warren's office.

Citing Texas Rule of Civil Procedure 202, the Petition seeks to "investigate a potential

claim" against Warren and a tracking software company known as ReadNotify.com based on

Warren's use of ReadNotify's services. The Petition does not mention that Warrantech, which

conducts business nationwide, subscribed to a copyrighted business publication Warren

distributes via the Internet and then systematically infringed. Nor does it mention that the

1

**EXHIBIT H**

Warrantech subscription agreement (Exhibit 1 to the Affidavit) explicitly authorized Warren to use tracking software to monitor copying of its Internet newsletter:

> To ensure electronic delivery accuracy and copyright compliance, we may use tracking software. This software forwards to us certain technical data and newsletter usage information from any computer that opens the newsletter email. We will not share this information with anyone outside the company, nor will we use it for any commercial purpose. More information about our data collection practices is at www.warren-news.com/privacypolicy.

As authorized by that agreement, Warren used ReadNotify to detect Warrantech's systematic copyright infringement. In early March, Warren brought a lawsuit against Warrantech in federal court in Washington, D.C., and the issues raised by the Petition already are subject to ongoing discovery in that pending action. Strikingly, the Petition does not disclose that litigation or attempt to show why discovery there is not adequate.

## Argument

Rule 202.4(a) provides that, regardless of the arguments of discovery targets, the Court is to allow a deposition "if, but only if, it finds that: (1) allowing the petitioner to take the requested depositions may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the proceeding." The Court here may well conclude that, in light of the discovery already available to Warrantech – in an action Warrantech chose not to disclose – those necessary findings cannot be made as to either target of the Petition.

There is a more fundamental defect in the Petition, however. There is no personal jurisdiction to grant the relief the Petition seeks. To preserve that fundamental protection, Warren is appearing specially here. It demonstrates that the Petition fails for lack of jurisdiction because:

2

- Compelling Warren to come to Texas to provide discovery on issues that already are subject to discovery in the pending federal action would be inconsistent with fair play and substantial justice, not to mention the terms of Rule 202.[1]

- Just as the courts of other States have no power to reach into Texas and compel a non-party Texas resident to come to another State to testify and produce documents, so Texas courts lack the jurisdiction to compel non-party witnesses in other states to come to Texas, and Rule 202 does not purport to provide otherwise.

- If such an extraordinary power existed – and it does not – the Petition would fail to allege facts sufficient to authorize the exercise of that power; it does not allege that Warren maintained purposeful and substantial Texas contacts causing actionable injury here.

**1.    Compelling Warren to come to Texas to provide discovery on issues that already are subject to discovery in the pending federal action would be inconsistent with fair play and substantial justice, not to mention the terms of Rule 202.**

By asking this Court to reach out more than 1000 miles and compel a resident of Washington, D.C. to come to Texas for discovery, Warrantech attempts to invoke some type of "long arm" jurisdiction. *See Huynh v. Werke,* 90 F.R.D. 447, 450 (S.D. Ohio 1981) (only a court with "perfected personal jurisdiction" of a third party can compel it to provide discovery). We show below that no such jurisdiction over non-party witnesses exists, and that the Petition would fail to plead the forum contacts necessary to invoke such a theory if it did exist. But first, and fundamentally, the Petition fails because it cannot satisfy an essential element of any exercise of

---

[1]    The Petition makes clear that the proposed deposition of ReadNotify.com is intended for potential use against Warren and it relates to the same issues that are subject of the pending federal action. Of course, third party discovery is as readily available in federal litigation as from this Court. The Petition makes no claim or showing that ReadNotify.com is exclusively subject to suit in Texas. Federal courts in the District of Columbia exercise long-arm jurisdiction to the limits of due process, and the Petition suggests that ReadNotify.com's contacts with Warren gave rise to whatever hypothetical claim is being explored.

long-arm jurisdiction -- a showing that bringing the target to the forum is consistent with

"traditional standards of fair play and substantial justice." *Moki Mac River Exped. v. Drugg*, 221

S.W.3d 569, 575 (Tex. 2007); *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 113 (1987).

Warrantech alleges nothing to show why it is fair and just to compel Warren to come to

Texas for discovery on issues that already are in discovery in a pending action elsewhere.

Indeed, Warrantech's Petition does not even disclose the existence of that proceeding.

Warrantech says that it may have a claim based on Warren's use of ReadNotify software. But it

fails to tell the Court that the Warrantech subscription agreement specifically authorized the use

of such "tracking software" and that such use detected its wholesale infringement.

If the Petition had disclosed that the issues it seeks to explore were open to discovery in

existing litigation, it would have been facially self-defeating. Texas follows the settled

American rule that "the court having jurisdiction over the main proceeding has exclusive

jurisdiction to grant discovery relief." *Ramirez v. Lagunes*, 794 S.W.2d 501, 505 (Tex. App.

1990) (collecting authority). Rule 202 parallels an equitable bill for discovery, and it long has

been settled that:

> [C]ourts of equity will not entertain a bill for discovery to assist a
> suit in another court if the latter is of itself competent to grant the
> same relief; for in such a case the proper exercise of the
> jurisdiction should be left to the functionaries of the court where
> the suit is pending.

*Id.* (quoting *Ex parte Boyd,* 105 U.S. 647, 671 (1881)).

Warrantech's Petition suggests it may use the information to commence a possible suit in

Texas. But neither due process nor equity is so easily circumvented. If asserted interest in

possible parallel action were enough to justify separate pre-suit discovery. the strong policy of

allowing the court with pending litigation to control discovery would evaporate. Such an

4

outcome is not consistent with fair play and substantial justice or, for that matter, with Rule

202.4(a), which permits pre-suit discovery only to (1) "prevent a failure or delay of justice," or

(2) achieve a "likely benefit" that "outweighs the burden or expense of the procedure."

A fair and candid Petition – had it been filed at all – would have disclosed the existing

litigation and attempted to show why discovery there would not be sufficient. This Petition,

which does not acknowledge the existing litigation, is facially inadequate and should be denied.

**2.      Just as the courts of other States have no power to reach into Texas and compel a
non-party Texas resident to come to another State to testify and produce documents, so
Texas courts lack the jurisdiction to compel non-party witnesses in other states to come to
Texas, and Rule 202 does not purport to provide otherwise.**

There is a reason the Petition did not attempt to invoke or satisfy the standards of long-

arm jurisdiction – no long-arm jurisdiction exists that would justify this Petition. Significantly,

Warren is not a party defendant. Warrantech's Petition under Rule 202 does not purport to

commence a civil action against Warren, but merely seeks to compel discovery. Warren is

merely the target of a requested discovery subpoena. This is clear from the Rule and the

allegations of the Petition, as well as authority concerning the Rule:

> First, the Petition is not a "civil action" under § 1441(b) because it
> asserts no claim or cause of action upon which relief can be
> granted. *See In re Hinote*, 179 F.R.D. 335, 336 (S.D. Ala. 1998)
> ("It is a request for discovery, nothing more"); *Sunbeam Television
> Corp. v. Columbia Broadcasting System, Inc.*, 694 F.Supp. 889,
> 891 (S.D. Fla. 1988). It is merely a petition for the taking of a
> deposition ...

*Mayfield-George v. Tex. Rehab. Comm'n*, 197 F.R.D. 280, 283 (N.D. Tex. 2000).

In our federal system, no State has the power to reach out into another State and compel

persons residing there to come to the forum to provide testimony or produce documents. 98

C.J.S. *Witnesses* § 28 ("Service of a subpoena outside of a state is beyond a court's power [and]

a nullity") (collecting authority). In fields where personal attendance of a witness is particularly

5

important, States have adopted reciprocal legislation by which a forum State may request a witness's home court to compel an appearance. *See* Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Cases. However, even in those special cases, the court desiring testimony merely makes a request; only the witness's home court can compel travel and testimony. In civil cases, where there is no constitutional right of confrontation to be vindicated, not even home states compel their residents to travel to other states to testify.

That one State cannot subpoena persons in another State is long-settled, even in the criminal context. In *Minder v. Georgia*, 183 U.S. 559 (1902), a defendant convicted of murder in Georgia claimed the State had violated due process by failing to empower its courts to compel attendance of essential witnesses from other states. The Supreme Court disagreed, holding that "the lawmaking power of the state is powerless to make any provision which would result in the compulsory attendance of [out-of-state] witnesses." *Id.* at 562. That is why the Uniform Act cited above relies on orders by a witnesses home state, rather than of the state where the criminal prosecution is occurring. The Petition seeks to distort Rule 202 into a grant of power the Supreme Court has rejected – compelling the compulsory attendance of out-of-state witnesses.

*In re Prince*, No. 14-06-00895-CV, 2006 WL 3589484 (Tex.App.—Houston [14th Dist.]. 2006) (no writ), held by mandamus that, in civil proceedings, Texas courts lack power to compel a Texas witness to travel to another state to testify in connection with a pending action. Yet this Petition asks the Court to compel a non-party witness to travel to Texas to give testimony in connection with a possible future civil action. What Texas courts hold they cannot do to their own residents in connection with an actual case, they surely will not do to residents of other states in connection with a hypothetical suit that may never be filed. Neither due process nor Rule 202 purport to authorize such an intrusion into sister jurisdictions.

6

**3.     If such an extraordinary power existed – and it does not – the Petition would fail to allege facts sufficient to authorize the exercise of that power; it does not allege that Warren maintained purposeful and substantial Texas contacts causing actionable injury here.**

Where a non-resident's purposeful contacts with a forum state lead to the filing of a complaint stating a legal claim, due process may permit "long-arm" jurisdiction over the non-resident defendant. If such a complaint survives threshold challenges, the defendant may ultimately have to come to the forum. But the Supreme Court recognized such long-arm jurisdiction to permit a forum to decide actual pending claims of injury in its borders. To compel a non-resident witness to travel to the forum merely to be questioned about a possible claim that may never be asserted or may fall to threshold challenges, would go much further. No Texas court has ever purported to have such jurisdiction. *See Craft v. Chopra*, 907 P.2d 1109, 1111 (Ok. App. 1995) (long arm jurisdiction applies only to defendants, not third party witnesses). Nor should Rule 202 be construed to raise constitutional doubt. *See Johnson v. State*, 967 S.W.2d 848, 856 (Tex. Crim. App. 1998) (constitutional doubt is to be avoided).

But even if a Rule 202 Petition could be sustained on a long-arm theory, Texas law is clear that a "plaintiff bears the initial burden of pleading sufficient allegations to invoke jurisdiction." *Moki Mac River Exped. v. Drugg,* 221 S.W.3d 569, 574 (Tex. 2007). And only pleaded grounds may be considered. *Id.* To succeed, plaintiff's unrefuted allegations must show that the defendant's contacts (i) were "purposefully directed toward the forum state," *id.* at 577; (ii) "substantial," rather than "random, fortuitous, or attenuated," *id.* at 575, 578-9; and (iii) bore a "substantial connection" to the forum state injury and claim, *id.* at 585

The Petition does not even acknowledge any need for jurisdictional allegations, much less make them. Although it identifies Warren as having an out-of-state address, it pleads no basis for long-arm jurisdiction over Warren. It suggests that Warren attached software to publications sent out by Internet, and that reached computers in some unstated place owned by

7

Warrantech.  Nothing is alleged to show that Warren purposefully sought to do business in Texas, had substantial contacts with Texas, or was a substantial cause of injury in Texas.  In short, even if long-arm theory applied – and it does not – the Petition would be fatally defective on its face.

## CONCLUSION

Warrantech's Petition needlessly invokes Rule 202 when it could simply seek discovery in the pending D.C. action.  It subverts that court's ability to control and schedule discovery and threatens unjustified burdens for a small plaintiff that sued in its home court.  It seeks unfair and unjust relief that due process forbids and Rule 202 does not authorize.  Warren respectfully asks the Court to sustain its special appearance and deny the Petition.

Respectfully submitted,

BENNETT, WESTON & LAJONE, PC

By: _____

Charles I. Appler
State Bar No. 00788995
1750 Valley View Lane
Suite 120
Dallas, Texas 75234
(214) 365-0988
Fax: (214) 373-6810
Attorneys for Warren Communications News, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on counsel for plaintiff, Charles W. Arnold, Cantey Hanger, LLP, Burnett Plaza, Suite 2100, 801 Cherry Street, Unit 2, Fort Worth, Texas 76102-6188, by hand delivery, this 28th day of April, 2009.

_____

12988182.1

CAUSE NO. 141 236916 09

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | IN THE DISTRICT COURT |
| PETITION OF WARRANTECH | ) | |
| CORPORATION REQUESTING A | ) | TARRANT COUNTY, TEXAS |
| DEPOSITION OF WARREN | ) | |
| COMMUNICATIONS NEWS, INC. | ) | 141ST JUDICIAL DISTRICT |
| and READNOTIFY.COM LTD. | ) | |

### AFFIDAVIT OF PAUL L. WARREN IN SUPPORT OF
### SPECIAL APPEARANCE IN OPPOSITION TO WARRANTECH'S
### PETITION REQUESTING DEPOSITION BEFORE SUIT

I, Paul L. Warren, being duly sworn, make this Affidavit in support of the Special

Appearance of Warren Communications News, Inc. ("Warren") in opposition to the Petition

Requesting Deposition Before Suit of Warrantech Corporation ("Warrantech").

1.      I am Chairman and Publisher of Warren, a family-owned publisher of business-oriented

newsletters. Warren is incorporated under the laws of Delaware and is located in Washington,

D.C. It has no office, agent, bank account, or other property in Texas, and it has not registered to

do business there.

2.      During 2008 Warren became aware that Warrantech appeared to be systematically

infringing Warren's registered copyrights in one of its publications, *Consumer Electronics Daily*

("*CED*"). That publication is distributed by email over the Internet without regard to the

physical location of any subscriber.

3.      Subscribers to *CED* sign a subscription agreement that warns them against copying and

authorizes Warren to use software to monitor compliance with copyright law and the agreement.

A copy of such an agreement signed by the Warrantech subscriber is Exhibit 1 hereto. As can be

seen from the Exhibit, it includes the following:

---

AFFIDAVIT OF PAUL L. WARREN                                              PAGE 1
12987923.2

**EXHIBIT I**

> To ensure electronic delivery accuracy and copyright compliance,
> we may use tracking software. This software forwards to us
> certain technical data and newsletter usage information from any
> computer that opens the newsletter email. We will not share this
> information with anyone outside the company, nor will we use it
> for any commercial purpose. More information about our data
> collection practices is at www.warren-news.com/privacypolicy.

(Where I state that something can be seen from an Exhibit, I am merely pointing to a particular

aspect of the Exhibit for convenience. In each case the Exhibit is intended to speak for itself.).

4.      Warren asked Warrantech to cease infringing and investigate how the infringement had

occurred. When Warrantech asked how Warren learned of its infringement concerns, Warren

described its use of ReadNotify software to monitor any subscriber distribution of its publication,

as authorized by the subscription agreement. An August 1, 2008, letter from Warren's counsel to

Warrantech's counsel is Exhibit 2 hereto. As can be seen, it includes the following:

> Warren uses a contractor named ReadNotify.com, which provides
> a service that monitors copyright and subscription agreement
> compliance for electronically delivered publications such as *CED*.
> This service provides tracking histories that show such things as
> the number of people who have read a given issue, whether the
> subscriber has forwarded the issue and later reopened it, and other
> related information. You may find considerable information on
> this service by consulting its website.

5.      On March 5, 2009, Warren sued Warrantech for infringing Warren's registered

copyrights in *CED*. A copy of the Complaint, filed in the U.S. District Court for the District of

Columbia, where it presently is pending, is Exhibit 3 hereto.

6.      On March 30, 2009, Warrantech filed its Answer to the Complaint. As can be seen, the

Answer pleaded that the Complaint was barred by "unclean hands" and "misuse" of copyright. A

copy of the Answer is Exhibit 4 hereto.

7.      Upon receiving the Answer, Warren's counsel wrote to Warrantech's counsel requesting an immediate conference under Rule 26(f) of the Federal Rules of Civil Procedure. A copy of that March 31 letter is Exhibit 5 hereto.

8.      A copy of Rule 26 is Exhibit 6 hereto. As can be seen from the text of the Rule:

        (a)     Rule 26(f) provides that "parties must confer as soon as practicable;"

        (b)     Rule 26(d) provides that discovery may begin once a Rule 26(f) conference has occurred; and

        (c)     Rule 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

9.      On April 3, 2009, the federal judge ordered a scheduling conference for May 8, 2009. A copy of that order is Exhibit 7 hereto.

10.     On April 6, 2009, Warrantech agreed to schedule a Rule 26(f) conference on April 16. A copy of an email by Warrantech's counsel to that effect is Exhibit 8 hereto.

11.     The next day, on April 7, 2009, our counsel in the copyright action received an email from Warrantech counsel providing a "courtesy copy" of a Petition that it had filed in this Court. A copy of the email is Exhibit 9 hereto. That was Warren's first knowledge of the Petition. A paper copy of the Petition and related papers was received by Warren at its offices in Washington, D.C. on April 10, 2009.

---

16.    Warren believes it would be fundamentally unfair to compel it to come to Texas to

provide testimony and documents to be used to decide whether or not there is a reason that

Warren should be sued.  And that is doubly so in light of the existing lawsuit in which discovery

already is proceeding.


                         Further Affiant Sayeth Not.

                                                    _____
                                                    Paul L. Warren


SWORN TO AND SUBSCRIBED BEFORE ME this the 27th day of April, 2009.


                                                    _____
                                                    NOTARY PUBLIC in the District of Columbia

My commission expires:          Chang Ho Choi
                                Notary Public District of Columbia
                                My Commission Expires 6/14/09
_____

---

CAUSE NO. 141-236916-09

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT |
| | § | |
| PETITION OF WARRANTECH | § | |
| CORPORATION REQUESTING | § | TARRANT COUNTY, TEXAS |
| A DEPOSITION OF WARREN | § | |
| COMMUNICATIONS NEWS, INC. and | § | |
| READNOTIFY.COM LTD. | § | 141st JUDICIAL DISTRICT |

## FIRST AMENDED PETITION REQUESTING DEPOSITION BEFORE SUIT

Warrantech Corporation, Petitioner, requests authority to take the deposition of corporate representatives of Respondents Warren Communications News, Inc. ("Warren") and ReadNotify.com Ltd. ("ReadNotify") in order to obtain or perpetuate testimony to investigate a claim in an anticipated suit as authorized by Texas Rule of Civil Procedure 202.

I.

Petitioner is a corporation having its principal place of business in Bedford, Tarrant County, Texas. Petitioner seeks to investigate a potential claim against Respondents and anticipates the institution of an action to be filed in Tarrant County, Texas, in which petitioner may be a party. To investigate a potential claim and in anticipation of this suit, Petitioner desires to obtain and perpetuate the testimony of Warren and ReadNotify through their corporate representatives.

II.

The court has jurisdiction over the Respondents because they purposefully availed themselves of the privileges and benefits of conducting business in Texas. Specifically, Warren engaged in business in Texas by contracting with Petitioner, a Texas resident, to deliver a weekday newsletter to Petitioner's employee in Texas. Moreover, Warren hired, instructed, or encouraged ReadNotify to embed email tracking and intercepting software and code into daily

---

FIRST AMENDED PETITION REQUESTING DEPOSITION BEFORE SUIT                    Page 1

**EXHIBIT J**

email sent by Warren to Petitioner's employee in Texas over a four year period from approximately mid-2004 through early 2008. As described below, this spyware appears designed to implant itself on Petitioner's computers and surreptitiously gather information from Petitioner's computer systems and return that information to Respondents. This conduct may also constitute a violation of Texas laws designed to protect the computers of Texas residents from unauthorized access. It is these potential violations that this Petition is designed to investigate.

Both Respondents also conduct business through the Internet sufficiently to establish minimum contacts with Texas. In addition to the business of daily transmitting its publications to Texas residents via email, including to Petitioner, Warren also transacts business over the Internet on its website through soliciting orders and taking payment for various products, including its online Television & Cable Factbook. Similarly, ReadNotify offers its email tracking software and service via the Internet on its website.

III.

The subject matter of the anticipated litigation is the unauthorized access of Petitioner's computers by Respondents' spyware, malware, web "bots" or other surreptitious software devices. More specifically, ReadNotify manufactures, develops, uses, and/or facilitates the use of embedded email tracking and intercepting software and code. On information and belief, this software and code sends out embedded electronic robots, spiders, or other automated devices into an email recipient's computer and/or server once that email recipient opens, reads, and forwards the email in order to extract information from the computer and/or server. On information and belief, the behavior of ReadNotify's software and code is analogous to spyware or malware that is downloaded to an Internet user's computer over the Internet. Once the

software or code is embedded, ReadNotify and its customers can make use of the different and compatible scripting languages which may include the exploitation of security holes in Windows system architecture.

On information and belief, Warren hired, instructed, and encouraged ReadNotify to embed email tracking and intercepting software and code into daily email sent to Petitioners over a four year period from approximately mid-2004 through early 2008 from which ReadNotify has unlawfully used and extracted information from Petitioner's computers and forwarded the same to Warren.   Petitioner is interested in the anticipated litigation because it believes that it has claims against Respondents for the unauthorized placement and use of ReadNotify's software on Petitioner's computers.

IV.

The names, addresses and telephone numbers of the parties that Petitioner expects to have interests adverse to Petitioner in the anticipated suit, are:

> Warren Communications News, Inc.
> 2115 Ward Court
> Washington, DC 20037
> (800) 771-9202

> and

> ReadNotify.com Ltd.
> 14781 Memorial Drive
> Houston, Texas 77079
> (267) 350-9419.

V.

Petitioner seeks to depose corporate representatives of each Respondent and expects to elicit from them, among other things:   how the spyware was deployed onto Petitioner's computers; the capabilities of the spyware placed on Petitioner's computers; how the spyware

---

was used by Respondents; what information was taken and/or copied from Petitioner's computers by Respondents; how any information taken and/or copied from Petitioner's computers was used and to whom this information was disseminated; the burden Respondents' spyware placed on Petitioner's computer systems; whether security holes were created and or exploited by Respondents' spyware placed on Petitioner's computers; security precautions taken to preserve the security of any information taken and/or copied from Petitioner's computers; whether Respondents' spyware has been updated, altered, or removed from Petitioner's computers; and, methods of uninstalling, deleting, deactivating, or otherwise removing Respondents' spyware from Petitioner's computers.

VI.

Petitioner seeks this testimony to establish the nature and extent of the intrusion and trespass on Petitioner's computer systems and any damage that has been, or may have been caused to the Petitioner by Respondents' spyware, including but not limited to security breaches suffered, performance hindered, proprietary information that has or may have been taken and/or copied by Respondents, and what efforts may be required to remove Respondents' spyware from Petitioner's computers. The benefit of allowing the deposition outweighs the burden or expense of the procedure because Petitioner does not know if a claim should be pursued or if litigation should be instituted, and each deposition can be completed in six hours or less.

FOR THE REASONS STATED, Petitioner requests that the court set a date for hearing on this petition, and after the hearing find that allowing the Petitioner to take the requested depositions may prevent a failure or delay of justice in the anticipated suit and that the likely benefit of allowing the Petitioner to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure. Petitioner further requests that the

court issue an order authorizing Petitioner to take the oral depositions of Warren Communications News, Inc. and ReadNotify.com Ltd., to be taken at the offices of Cantey Hanger LLP, 600 West 6th Street, Suite 300, Fort Worth, Texas 76102 on April 30, 2009 and May 1, 2009, respectively. Petitioner further requests that Respondents be ordered to produce at the depositions for inspection and copying the documents described in the attached Exhibit A, and that Petitioner have such other and further relief to which Petitioner may be justly entitled.

Respectfully submitted,

Charles W. Arnold
State Bar No. 00783558
Scott A. Fredricks
State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102-3685
Phone: 817-877-2800
Fax: 817-877-2807

ATTORNEYS FOR PETITIONER

## CERTIFICATE OF SERVICE

I certify that a true copy of First Amended Petition Requesting Deposition Before Suit, has this 29 day of April, 2009 been served via facsimile on:

Charles I. Appler
Bennett, Weston & LaJone, P.C.
1750 Valley View Lane, Suite 120
Dallas, Texas 75234
*Attorneys for Warren Communications News, Inc.*

and via certified mail, return receipt requested on:

> ReadNotify.com Ltd.
> 14781 Memorial Drive
> Houston, Texas 77079
> (267) 350-9419.

_____
Charles W. Arnold

## EXHIBIT A

1. Any and all documents describing or relating to how the ReadNotify software was deployed onto Petitioner's computers;

2. Any and all documents describing or relating to the capabilities of the ReadNotify software placed on Petitioner's computers;

3. Any and all documents describing or relating to how the ReadNotify software was used by Respondents on Petitioner's computers;

4. Any and all documents describing or relating to what information was taken and/or copied from Petitioner's computers by Respondents;

5. Any and all documents describing or relating how any information taken and/or copied from Petitioner's computers was used and to whom this information was disseminated;

6. Any and all documents describing or relating to the burden ReadNotify software placed on Petitioner's computer systems;

7. Any and all documents describing or relating to whether security holes were created and or exploited by the ReadNotify software placed on Petitioner's computers;

8. Any and all documents describing or relating to security precautions taken to preserve the security of any information taken and/or copied from Petitioner's computers;

9. Any and all documents describing or relating to whether the ReadNotify software has been updated, altered, or removed from Petitioner's computers;

10. Any and all documents describing or relating to methods of uninstalling, deleting, deactivating, or otherwise removing the ReadNotify software from Petitioner's computers;

11. Any and all documents describing or relating to agreements between the Respondents;

and,

12. Any and all correspondence between Respondents relating to the use of the ReadNotify software on Petitioner's computers.

## VERIFICATION

STATE OF TEXAS      §
                           §
TARRANT COUNTY     §

      BEFORE ME, the undersigned Notary Public, on this day personally appeared _David May_, and after being duly sworn stated under oath that he is the authorized representative of Petitioner in this matter; that he has read the above petition and that every factual statement contained in paragraphs I, III, IV, V and VI of the First Amended Petition Requesting Deposition Before Suit are within his personal knowledge and is true and correct.

DAVID MAY

      SUBSCRIBED AND SWORN TO BEFORE ME on April 29th 2009.

Notary Public

CINDY L. LYONS
Notary Public, State of Texas
My Commission Expires
June 03, 2012

---

CAUSE NO. 141-236916-09

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT |
| | § | |
| PETITION OF WARRANTECH | § | |
| CORPORATION REQUESTING | § | TARRANT COUNTY, TEXAS |
| A DEPOSITION OF WARREN | § | |
| COMMUNICATIONS NEWS, INC. and | § | |
| READNOTIFY.COM LTD. | § | 141st JUDICIAL DISTRICT |

## PETITIONER'S OBJECTION TO THE AFFIDAVIT OF PAUL L. WARREN IN SUPPORT OF SPECIAL APPEARANCE AND MOTION TO STRIKE

COMES NOW Warrantech Corporation ("Warrantech"), Petitioner, and files this it's Objection and Motion to Strike the Affidavit of Paul L. Warren filed in support of the Special Appearance of Warren Communications News, Inc. ("Warren"), Respondent, and would show this Honorable Court as follows:

I.

Warren has filed a Special Appearance in Opposition to the Petition of Warrantech to take the deposition of a corporate representative of Warren. In support of the Special Appearance, Warren filed the Affidavit of Paul L. Warren (a true and correct copy of which is attached hereto and incorporated for all purposes as "Exhibit A".) Petitioner would show that the Warren affidavit is defective and cannot support the Special Appearance.

Specifically, Petitioner would show that the Warren affidavit does not state that the information contained within the affidavit is based on the affiant's personal knowledge and is true and correct. An affidavit must be based on the affiant's personal knowledge and must state the facts in it are true. *Kerlin v. Arias* 274 S.W.3d 666, 668 (Tex. 2008). The affidavit must contain direct and unequivocal statements, that if false, would be grounds for perjury. *Burke v.*

---

**EXHIBIT K**

*Satterfield*, 525 S.W.2d 950, 955 (Tex. 1975).  Absent these representations by the affiant, the affidavit is defective and cannot constitute evidentiary support for the Special Appearance.  As such, the Special Appearance is defective as it is not made on a sworn motion. TRCP 120(a); *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 307 (Tex. 2004).

II.

Petitioner would show that the Special Appearance of Respondent Warren should be denied for the reason that is not verified, no sworn proof attests to the veracity of the statements in the motion, and the Affidavit of Paul L. Warren does not meet the necessary requisites to be admissible for any purposes.

WHEREFORE PREMISES CONSIDERED, Warrantech respectfully requests this Court to sustain its objections to the Affidavit of Paul L. Warren, strike the offending affidavit and the exhibits attached thereto, and for such other and further relief to which Warrantech may show itself justly entitled.

Respectfully submitted,

Charles W. Arnold
State Bar No. 00783558
Scott A. Fredricks
State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102-3685
Phone: 817-877-2800
Fax: 817-877-2807

ATTORNEYS FOR PETITIONER

## CERTIFICATE OF SERVICE

I certify that a true copy of Petitioner's Objection to the Affidavit of Paul L. Warren in Support of Special Appearance and Motion to Strike, has this 30th day of April, 2009 been served via hand-delivery on:

>Charles I. Appler
>Bennett, Weston & LaJone, P.C.
>1750 Valley View Lane, Suite 120
>Dallas, Texas  75234
>*Attorneys for Warren Communications News, Inc.*

and via certified mail, return receipt requested on:

>ReadNotify.com Ltd.
>14781 Memorial Drive
>Houston, Texas 77079
>(267) 350-9419.

_____
Charles W. Arnold

Fax:                          May  1 2009 02:14pm  P002/002
04-30-09   11:16am   From-Cantey & Hanger, L.L.P.          817                   T-412  P.004/004  F-196

CAUSE NO. 141-236916-09

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT |
| | § | |
| PETITION OF WARRANTECH | § | |
| CORPORATION REQUESTING | § | TARRANT COUNTY, TEXAS |
| A DEPOSITION OF WARREN | § | |
| COMMUNICATIONS NEWS, INC. and | § | |
| READNOTIFY.COM LTD. | § | 141ˢᵗ JUDICIAL DISTRICT |

## ORDER GRANTING EXPEDITED DISCOVERY

On this day the Court heard the petition of Warrantech Corporation requesting authority
to take a deposition of Warren Communications News, Inc. and ReadNotify.com Ltd. to
perpetuate or obtain testimony for use in an anticipated suit. The Court being advised that
respondent Warren Communications News, Inc. has filed a special appearance, is of the opinion
that Petitioner Warrantech Corporation be granted expedited discovery to explore whether this
Court has personal jurisdiction over Respondent Warren Communications News, Inc.

IT IS, ACCORDINGLY, ORDERED that Petitioner is authorized to take the deposition
˅ *in Washington, D.C.* ,, of Respondent Warren Communications News, Inc. by and through its Chairman, Paul L.
Warren on or before Friday, May 8, 2009. It is further ordered that when the witness appears for
deposition, he must produce for inspection and copying documents responsive to any subpoena
*duces tecum* requesting documents related to the issue of whether this Court has personal
jurisdiction over Respondent Warren Communications News, Inc.

IT IS FURTHER ORDERED that Respondent Warren Communications News, Inc.'s
Special Appearance in Opposition to the Petition of Warrantech Corporation is set for hearing at
9 a.m. on May 14, 2009.

IT IS FURTHER ORDERED that petitioner Warrantech Corporation's First Amended
Petition Requesting Deposition Before Suit is set for hearing at 9 a.m. on May 14, 2009.

SIGNED ON *April 30, 2009*

*Jerry W Woodlock*

JUDGE PRESIDING

---

ORDER GRANTING EXPEDITED DISCOVERY                                             Page 1

Received   05-01-09   02:09pm   From-                        To-Cantey & Hanger, L L   Page 002

EXHIBIT L

# BENNETT, WESTON, LaJONE & TURNER, P.C.

### Attorneys and Counselors At Law
### 1750 Valley View Lane, Suite 120
### Dallas, Texas 75234

(214) 691-1776, ext. 230
FAX (214) 373-2597

Charles I. Appler
Direct Dial (214) 365-0988

May 4, 2009

VIA TELECOPIER TO (817) 877-2807
Charles W. Arnold, Esquire
Cantey Hanger LLP
600 W. Sixth Street, Suite 300
Fort Worth, Texas 76102

> Re:   No. 141-236916-09, 141st Judicial District
> *In Re: Petition of Warrantech Corporation Requesting a*
> *Deposition of Warren Communications News, Inc. and ReadNotify.com Ltd.*

Dear Charles:

I write to confer on two matters relating to the deposition notice you served late Friday afternoon. First, Mr. Warren is not available on May 7. He has long-standing plans to be traveling with family through the following Monday. Thereafter, however, he has sufficient flexibility that finding a mutually agreeable date should not be difficult. Since you selected May 7 without advance consultation and told the Judge that you were seeking to depose Mr. Warren "subject to his availability," I ask that you agree that his appearance may be deferred.

Second, although you told the Judge that your document needs were "not extensive," Warrantech actually demands production of 31 categories of documents, some quite broad. Because I did not receive your fax until after Warren's offices had closed for the weekend (5 p.m. Eastern), Warren first saw those requests this morning. But it seems clear they will need to be adjusted substantially.

Accordingly, I request your agreement to defer Mr. Warren's appearance and to confer with me and Warren's Washington, D.C. counsel in the next day or so on the document specifications.

**EXHIBIT M**

I understand that Warren's Washington, D.C., counsel in the federal action has concerns about your Texas efforts that he is presenting there. To be clear, I am not getting in the middle of that and propose to leave those matters for you two to deal with.

Very truly yours,

Charles I. Appler

cc:    Via Telecopier to (202) 719-7049
       Thomas W. Kirby, Esquire

# C

## CANTEY HANGER LLP

ATTORNEYS

CHARLES W. ARNOLD
DIRECT: 817.877.2823
EMAIL: carnold@canteyhanger.com

CANTEY HANGER PLAZA
600 W. 6TH STREET, SUITE 300
FORT WORTH, TEXAS 76102-3685
817.877.2800 – METRO 214.978.4199
FAX: 817.877.2807

May 4, 2009

*Via Facsimile 214-373-2597*
Charles I. Appler
Bennett, Weston & LaJone, P.C.
1750 Valley View Lane, Suite 120
Dallas, Texas 75234

Re:    Cause No. 141-236916-09; *In Re: Petition of Warrantech Corporation Requesting
a Deposition of Warren Communications News, Inc. and Readnotify.com Ltd.*,
pending in the 141st Judicial District Court of Tarrant County, Texas

Dear Mr. Appler:

I am in receipt of your correspondence of this date concerning the availability, or
unavailability, of Paul Warren for a deposition in Washington, D.C. this week. As you will recall, I
had agreed to take Mr. Warren's deposition in Washington, D.C. this week as a courtesy since I was
going to be up there for a pre-trial scheduling conference. In the event that Mr. Warren is not
available, I must insist that the deposition, ordered by the Tarrant County Court, take place at your
offices in Dallas on Tuesday, May 12 (this is the only date that I have available between now and the
hearing date of Thursday, May 14).

In the event that this is not acceptable to your client, then it appears that it will be necessary
for you to file a motion to quash that can be taken up with the Court.

With regard to the *duces tecum* attached to the deposition notice, I do not consider them to
be "extensive." In actuality, they are rather pared down.

If you have any questions, please give me a call.

Very truly yours,

Charles W. Arnold

CWA:jak

DALLAS   •   FORT WORTH   •   SOUTHLAKE

MERITAS LAW FIRMS WORLDWIDE

**EXHIBIT N**



1776 K STREET NW
WASHINGTON, DC 20006
PHONE  202.719.7000
FAX  202.719.7049

7925 JONES BRANCH DRIVE
McLEAN, VA 22102
PHONE  703.905.2800
FAX  703.905.2820

www.wileyrein.com

May 5, 2009

Thomas W. Kirby
202.719.7062
tkirby@wileyrein.com

**VIA EMAIL**

Charles Arnold
Scott Fredericks
CANTEY HANGER LLP
600 W. 6th St. #300
Fort Worth, TX 76102

Clifford M. Sloan
Darren M. Welch
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave. N.W.
Washington, D.C. 20005

Re:    Warren v. Warrantech, No. 1:09 cv 00426 RWR

Dear Counsel:

In its Texas-based investigation into potential claims flowing from Warren's use of ReadNotify to enforce the copyrights it has sued to enforce, Warrantech just served a second notice of deposition and lengthy document requests.  Thus, Warrantech now is seeking to depose Warren twice and to compel it to respond to two sets of document requests on issues that are open to proper discovery in the copyright action.  Since all of this is occurring before any actual claim has been filed in Texas, it threatens to be a prelude to still additional discovery.

Warrantech simultaneously is delaying service of any discovery requests in the copyright action, even though the Rule 26(f) conference occurred three weeks ago and Warren has served its initial written discovery.  I cannot believe this means Warrantech intends to forego copyright discovery.  Instead, this calculated delay will operate to inhibit coordination, expose Warren to a discovery whipsaw, and defeat the policies of the federal rules.

These tactics threaten substantial and needless burden and inefficiency in the discovery process.  Warren may be forced to conduct multiple reviews of its records, rather than a single search for a unified set of requests.  Similarly, it may be forced to prepare for repeated depositions on issues that all are part of the same transaction (see Rule 13(a)), contrary to the federal policy that, by bringing litigation, a plaintiff exposes itself to a single deposition (see Rule 30(a)(2)).

**EXHIBIT O**



Charles Arnold
Clifford M. Sloan
May 5, 2009
Page 2

Warren remains of the view that Warrantech's discovery into all matters that are
open to discovery in the copyright action should be pursued in a unified and
efficient manner. Warren proposes that Warrantech promptly serve such a unified
set of requests. They can be addressed in a timely and orderly fashion, Warren can
conduct a single review of its records, and Warren's deposition then can be
scheduled.

Pursuant to the Judge's recent Order, Warren will pursue this matter at the status
conference tomorrow. If there is room for us to reach some agreement before that
conference, we should do so. On 30 minutes' notice, I can be available most of the
afternoon for such a discussion.

Sincerely yours,

Thomas W. Kirby