UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WARREN COMMUNICATIONS NEWS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WARRANTECH CORP., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | **FILED** <br> MAY 2 8 2009 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT <br><br> Civil Action No. 1:09 cv 00426 RWR |

## PROTECTIVE ORDER

WHEREAS, the parties to this action may seek formal and informal discovery of documents, information or other materials which may contain confidential, proprietary or trade secret information of another party or a non-party.

WHEREAS, providing protection for such material will simplify and expedite discovery and thus promote judicial efficiency and the speedy and inexpensive resolution of the litigation;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this action, i.e., Warren Communications News, Inc. ("Warren") and Warrantech Corporation and Warrantech Consumer Product Services, Inc. (collectively, "Warrantech"), through their respective counsel, subject to the approval of this Court, that the following PROTECTIVE ORDER be entered in this action:

1. This Order is for the purpose of facilitating discovery of documents, information and other materials in this action and at the same time protecting the proprietary interests of the parties. This Order governs the production of documents, the taking of oral depositions, the written responses to discovery requests, and briefs and memoranda filed in Court before trial.

12998737 1

Exhibit 1

Trial procedure will be the subject of a separate Order. For purposes of this Order, the term "Confidential Information" means and shall include any and all documents, information or other materials that are designated as Confidential at the time of their production or disclosure in this action, until and unless that designation is removed by the producing party or by Order. Whether any such documents, information or other materials are in fact confidential, proprietary or a trade secret is not determined by this Order. An obligation of good faith shall be imposed on each party in connection with the designation of information, documents or materials as Confidential Information.

2. Information or records may be designated as Confidential only if (1) the providing party does not disclose such material to the public; (2) the information is not readily available from public sources; and (3) disclosure threatens to materially injure commercial or personal privacy interests. Information or records already deemed to be Confidential pursuant to a court order or legally-binding agreement may be designated as Confidential regardless of whether the explicit requirements of items (1)-(3) are satisfied. Confidential Information includes, without limitation, information that the producing party reasonably and in good faith believes constitutes or relates to (1) trade secrets or other confidential proprietary information, (2) current business/strategic plans, (3) technical product specifications and information, (3) sales, cost and price information, including future sales/financial projections, (4) non-public marketing information, including future marketing plans, (5) detailed sales and financial data, (6) the identity of customers and customer lists, (7) confidential agreements or relationships with third parties, (8) licenses and licensing negotiations, (9) materials that a party is under a pre-existing obligation to a third party to treat as confidential or (10) other information of competitive, technical, financial or commercial significance comparable to the items listed in this

paragraph. Confidential information shall not include (a) advertising materials released to the public, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment or otherwise subject to a reasonable expectation of confidentiality.

3. This Order does not require production of or affect procedures for protecting: (a) attorney work-product material or (b) materials or information covered by the attorney-client privilege or to which other privileges apply.

4. Any document or thing designated as Confidential shall be stamped or marked as described in paragraph 6. The parties will use their best efforts to stamp or mark multi-page documents containing Confidential Information on each page. Equivalent marking shall be employed with electronic materials.

5. Each answer or set of answers to an interrogatory or response to a request for admission which contains Confidential Information must be clearly so designated as set forth in paragraph 6, and the specific Confidential Information therein must be identified.

6. Any documents or things which are made available to an opposing party pursuant to pretrial discovery in this action and which reasonably are considered to be Confidential Information as defined in paragraph 2, may be designated at the discretion of the producing party as "Confidential." All documents and things designated as Confidential shall be prominently marked:

> "Civil Action No. 1:09 cv 00426 RWR
> (Warren or Warrantech)
> CONFIDENTIAL
> SUBJECT TO PROTECTIVE ORDER"

7.      So long as items continue to be designated as Confidential under this Order, a receiving party shall take the same precautions against disclosure that it takes for its own confidential information and shall intentionally disclose it only to the following:

(a)     Counsel for the receiving party and all partners, principals, associates, and of counsel thereof who are performing legal services in connection with this action, together with clerical personnel, law clerks, and paralegal and legal assistants and translators, outside copy services and other support personnel employed by counsel.

(b)     Employees of the receiving party who have a need for disclosure in connection with this case.

(c)     The Court and Court personnel.

(d)     Court reporters who have received a copy of this Order and agreed to comply with it.

(e)     Such other persons (including experts and consultants) as may hereafter be qualified to receive Confidential Information in this action pursuant to the provisions of paragraph 8 of this order.

(f)     Witnesses who have been noticed for deposition and who have read and agreed to be bound by this Order.

(g)     Any other person to whom disclosure is required by law.

8.      An independent person employed by counsel to assist in this matter may receive Confidential Information by signing a statement certifying, under penalty of perjury, that:

(a)     The person will keep the Confidential Information confidential and use it only for purposes of this case;

(b) The person has read and understood and agreed to be bound by this Order; and

(c) At the close of this proceeding, the person will return or securely destroy any Confidential Information.

Counsel who has employed any such person shall retain such signed statement for two years after the close of this litigation. If substantial allegations are made that such a person has violated this Order, the statement signed by that person shall be produced to the party making the allegations.

9. Prior to receiving Confidential Information under this Order:

(a) Each individual or business listed in paragraphs 7(e) or 7(f) shall be furnished with a copy of this Order and shall acknowledge in writing, in the form of the Undertaking appended hereto as "Exhibit A," that he or she has read this Order, understands it, and agrees to be bound by it. For a business, the statement shall be signed by a person authorized to bind the business organization and who shall advise any other personnel of such business to whom Confidential Information is disclosed of the obligations imposed by this Order.

(b) Before any disclosure of Confidential Information of another party is made to mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached as "Exhibit B," and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying Confidential Information of another party shall be left in the possession of any such person.

10. The failure of a party, at the time it receives Confidential Information, to challenge or object to the Confidential Information designation shall not be deemed a waiver of its right to challenge or object to the Confidential Information designation at any later time.

11. Confidential Information shall not include any documents, information, or other materials which:

(a) were lawfully in the possession of the receiving party prior to production and not subject to an obligation of confidentiality;

(b) have been or became part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party; or

(c) are not generally held in confidence by the providing party.

Notwithstanding the foregoing, if a receiving party believes that documents or things have been improperly designated as Confidential by the producing party, then such receiving party will nevertheless treat the documents and things in accordance with the designation until such time as the designation is changed in accordance with the procedure set forth in paragraph 18.

12. If Confidential Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and make every reasonable effort to prevent further disclosure.

13. Any person in possession of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such Confidential Information in order to ensure that the confidential nature of the same is maintained.

14.     Any pleading, paper or other document filed in this action which contains or includes Confidential Information shall be filed under seal pursuant to the procedures for "Sealed or Confidential Documents" outlined in L.R. Civ. P. 5.1(j).

15.     When Confidential Information is incorporated in a transcript of a deposition, hearing, trial or other proceeding, the party disclosing such information shall arrange with the reporter to preserve the confidentiality of such information. When testimony is designated as Confidential Information during a deposition or on review of the preliminary transcript(s), each court reporter shall separately bind those portions of the final version of the deposition transcript(s), designating the Confidential Information as Confidential, and shall place on the cover of any such transcript designated Confidential Information the following legend or a substantial equivalent:

> This transcript contains information designated CONFIDENTIAL
> by counsel and is to be filed in the Court under seal.

16.     If the party receiving any Confidential Information objects to such designation or otherwise believes that Confidential Information should be shown to any person not otherwise qualified to receive it, the receiving party shall first make its objection known to the producing party in writing and request the change of designation or relief that is desired. The producing party shall respond as soon as practicable, and in no event more than five business days later. If the producing party refuses the same, or if a resolution is not achieved, then the receiving party may file a motion with the Court for an appropriate order changing or clarifying the status of any Confidential Information under this Order. The producing party shall then have the burden of establishing the need to maintain the original designation. No producing party shall take advantage of this procedure to cause unnecessary delay.

17. In the event that one or more parties are added or substituted into this action, this Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties to seek relief from or modification of this Order.

18. In the event that any non-party shall be called upon, by a subpoena or otherwise, to provide or produce documents or information considered Confidential by such non-party, such non-party may elect to have its documents and information protected under the terms of this Order by notifying counsel for all parties in writing. Upon service of such notice, such non-party may designate documents and other information as Confidential Information in the manner set forth in this Order, and such non-party's Confidential Information shall be treated in the same manner as the Confidential Information of a party to this action. In the event a non-party who has elected to be governed by this Order is under subpoena issued by this Court or another court, such court shall have jurisdiction to entertain and decide any motion regarding such non-party brought pursuant to this Order or otherwise enforce the provisions of this Order regarding such non-party. Such an election shall not entitle the non-party to receive Confidential Information produced by a party.

19. If a producing party inadvertently produces or discloses any document or thing containing information that it deems confidential without designating it as Confidential Information, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing or information as Confidential Information under this Order. To the extent such document or thing may have been disclosed to persons other than authorized persons described in this Order, the receiving party shall make every reasonable effort to retrieve the document or thing promptly from such persons and to limit any further disclosure to non-authorized persons.

20.     The obligations of this Order shall survive the termination of the action and continue to bind the parties and all persons receiving Confidential Information in accordance herewith. The Court will have continuing jurisdiction to enforce this Order following termination of this action, irrespective of the manner in which this action is terminated. In addition, within sixty (60) days after the termination of this action by mandate following an appeal, judgment if no appeal is taken, settlement or otherwise, each party shall return or securely destroy all documents, other than attorney work-product, containing or disclosing Confidential Information to the party which produced the documents, or destroy such documents, except that outside counsel for each party may retain copies solely for reference in the event of a dispute over the use or dissemination of any Confidential Information subject to the terms of this Order, and provided further that outside counsel may retain copies of all documents that comprise the official record of this action.

21.     If a producing party inadvertently discloses information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that an inadvertent disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) business days of the earliest of (a) discovery by the receiving party of the producing party's inadvertent production, or (b) receiving a written request from the producing party for the return of such item or items of information. The receiving party, after returning such inadvertently produced item or items of information, may thereafter, without asserting waiver because of

inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

22. This Order shall be without prejudice to the right of any party to oppose production of any document or information for any reason other than confidentiality, or to seek modification by the Court of any of the terms of this Order.

23. This Order may be changed by further Order of the court, and is without prejudice to the rights of any party to move for relief from any of its provisions, to seek or agree to different or additional protection for any particular material information, or to request a change in the designation of any particular information.

24. The party or parties receiving Confidential Information or documents shall not under any circumstances sell, offer for sale, advertise, or publicize such Confidential Information or documents or any information contained therein.

SO ORDERED:       This 22nd day of May, 2009

_____
United States District Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN COMMUNICATIONS NEWS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARRANTECH CORP., *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:09 cv 00426 RWR |

## UNDERTAKING PURSUANT TO PROTECTIVE ORDER

_____ hereby states as follows:

I reside at _____.

I have been furnished with a copy of the PROTECTIVE ORDER entered in this action which I have read and understood; and I agree to be bound by the terms of said PROTECTIVE ORDER and hereby subject myself to the limited jurisdiction of the United States District Court for the District of Columbia for the sole and limited purpose of enforcing said Order and this undertaking.

Dated: _____    Signed: _____

                                          Name: _____

**EXHIBIT B**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| WARREN COMMUNICATIONS NEWS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARRANTECH CORP., *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:09 cv 00426 RWR |

**AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION**

1.   This Agreement is between _____

_____

and _____ residing at _____.

2.   I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group I am participating in today.

3.   I agree not to disclose any information I learn today or to use such information outside the research group I am participating in today.

Signed: _____

Name: _____

Date: _____

12998737 1                    12